IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stepheney, Jr., a/k/a Wade Stepney, Jr., Wade Stephney, Jr., Wade Stepheny, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Publix's Food Store Pharmacys CEO; SCDCs Director; Commissioners SSA; GSA; Homeland Sec.; Commissioners Baptist Palmetto Health; Board & Trustees; Dept DSS and DHEC, Dir & Comm; Alston Wilks Society, Director, <br><br> Defendants. | C/A No.: 1:11-3402-MBS-SVH <br><br><br><br> REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the Orangeburg Calhoun County Regional Detention Center ("OCCRDC") and brings this action alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

According to the complaint, Plaintiff is "litigating a civil rights violation action complaint, under 42 USC 1983: serious medical malpractice, neglegenc[e], neglected, and

deliberate indifferent." [Entry #1 at 3]. Plaintiff names the following Defendants for providing Plaintiff with "inadequate and improper medical treatments services and care:" "South Carolina Dept of Corr; Social Security ADM; General Services ADM; Homeland Security; Palmetto Baptist Medical Care; Publix's Food Store Pharmacy(s); Dept of Social Services; Alston Wilk Society; Dept of Health and Environmental Control." *Id.* Plaintiff names "Defendant(s) SCDC" for failing to adequately process the Plaintiff for pre-release, and for failing to "process or have the Plaintiff's medical records, social security benefits (RIB) (SSI) (Medicaid) (Medicare) (Retirement Home, or Nurses Home care and providers, processed)." *Id.* "Defendant(s) SSA; GSA & HS" allegedly failed "to process the Plaintiff's accident and incident form and application for being injured in the SSA men's restroom" and failed to "process or have the Plaintiff's Social Security [benefits] 30 days before the Plaintiff was released from the SCDC ECI 24 Hr. Medical Facility." *Id.* at 3–4. "Palmetto Baptist Medical emergency room" is allegedly "liable for writing prescribed prescriptions for free [antibiotics] to the Publix's Pharmacy." *Id.* at 4. Plaintiff indicates he was allergic to the free medication, resulting in the loss of Plaintiff's sense of smell and taste. *Id.* Defendant DSS is named for failing to "process or have the Plaintiff's medicaid insurance information adequate & properly processed." *Id.* "Defendant(s) DHEC" is named for failing to "enforce or have enforced the Plaintiff's medicare & medicaid insurances process to be properly & adequate treated for COPD and five subtypes." *Id.* Plaintiff claims that "Defendant(s) Alston Wilks Society" is liable for "not having provided Plaintiff shelter in a nursing or retirement health care facilit[ies]"

2

and for failing to "have the Plaintiff's social security & medicare/medicaid insurances processed." *Id.* Plaintiff seeks a permanent injunction and monetary damages of $250,000 for his alleged permanent loss of smell and taste. *Id.* at 6.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Supervisory Liability

To state a claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971),[1] a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Further, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Reaves v. Richardson*, C/A No. 4:09-820-TLW-

---

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14,18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994)

SVH, 2011 WL 2119318 at *6 (D.S.C. March 1, 2011); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011). The instant complaint lists several unidentified trustees, commissioners, directors, and board members, but provides no facts to show that any of those defendants personally violated any of Plaintiff's rights. Although the court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Therefore, the unidentified commissioners, directors, trustees, and board members listed in the caption of the complaint are entitled to summary dismissal.

2.  Sovereign Immunity

Next, the complaint names several federal and state agencies which are immune from Plaintiff's claims brought pursuant to *Bivens*. "While *Bivens* actions allow for recovery of money damages against federal officials . . . *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "Because the United States has not

5

waived sovereign immunity in suits claiming constitutional torts," defendants Social Security Administration (SSA), General Services Administration (GSA), and Homeland Security are protected by sovereign immunity from Plaintiff's claims under *Bivens*. *Reinbold*, 187 F.3d at 355, n.7. Therefore, it is recommended that defendants SSA, GSA, and Homeland Security be dismissed.

### 3. Eleventh Amendment Immunity

Further, the Department of Social Services ("DSS") and the Department of Health and Environmental Control ("DHEC") are protected from a § 1983 suit by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies.[2] *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh

---

[2] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

Amendment"); *Alabama v. Pugh*, 438 U. S. 781 (1978). State agencies and state instrumentalities, such as DSS and DHEC, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). Thus, defendants DSS and DHEC are protected by Eleventh Amendment immunity from Plaintiff's § 1983 claims, and it is recommended that DSS and DHEC be dismissed.

### 4.    Private Defendants

In addition, the complaint names several private entities, Baptist Palmetto Health, Alston Wilks Society, and Publix's Food Store Pharmacys, as defendants in this action. However, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). As Plaintiff provides no facts to demonstrate state action by Baptist Palmetto Health, Alston Wilks Society or Publix's Food Store Pharmacys, it is recommended that these defendants should be summarily dismissed from this case.

### 5.    Substantive Claims

Finally, it is noted that Plaintiff's claims would be subject to summary dismissal in any event. Plaintiff alleges that the Defendants were deliberately indifferent to a serious medical need shortly before his release from incarceration. [Entry #1 at 2–3]. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976). Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851–852 (4th Cir. 1990) (citation omitted). Plaintiff alleges that an allergic reaction to a prescription written by Defendant Baptist Palmetto Health and filled by defendant Publix's Food Store Pharmacys resulted in the loss of Plaintiff's sense of smell and taste. [Entry #1 at 4]. However, Plaintiff provides no facts to demonstrate that defendants acted with "reckless disregard" to a substantial risk of danger associated with the prescribed medication. *Miltier*, 896 F.2d at 851. Thus, the complaint's allegations do not rise to the level of deliberate indifference.

At best, the complaint's allegations concerning Plaintiff's prescribed medication, and the defendants' failure to properly process applications prior to Plaintiff's release from incarceration, may be construed as claims of negligence. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Therefore, Plaintiff's negligence claims are also subject to summary dismissal.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed in its entirety without prejudice and without issuance and service of process.[3]

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

January 20, 2012                                              Shiva V. Hodges
Columbia, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] If the district judge accepts this recommendation, Plaintiff's motion for attorneys' fees, judgment awards, and damages [Entry #14] will be moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).