IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stepheney, Jr., a/k/a Wade Stepney, Jr.; Wade Stephney; and Wade Stepheny, Jr., | ) ) C/A No. 1:11-3402-MBS ) ) |
| Plaintiff, | ) ) |
| vs. | ) **O R D E R** ) |
| Publix's Food Store Pharmacy(s), CEO; SCDC(s) Director; Commissioner's SSA; GSA; Homeland Sec.; Commissioners Baptist Palmetto Health; Board & Trustees; Dept. DSS and DHEC, Dir. & Comm.; Alston Wilks Society, Director, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

On December 1, 2012, Plaintiff Wade Stepheney, Jr., proceeding pro se, filed a complaint setting forth numerous allegations against various governmental and private entities, including malpractice, failing to process medical records, failing to process an incident form after Plaintiff fell and was injured in a men's bathroom, prescribing medicines to which Plaintiff was allergic, failing to provide shelter, and other claims. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for alleged violations of his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On January 13, 2012, the Magistrate Judge filed a Report and Recommendation in which she found that (1) Plaintiff has not pleaded any factual allegations to support supervisory liability of the unidentified Defendant trustees, commissioners, directors, and board members; (2) Defendants Social Security Administration (SSA), General Services Administration (GSA), and Department of Homeland Security (Homeland Sec.) are

entitled to sovereign immunity; (3) Defendants South Carolina Department of Social Services (DSS) and South Carolina Department of Health and Environmental Control (DHEC) are entitled to Eleventh Amendment immunity; (4) Defendants Baptist Palmetto Health, Alston Wilks Society, and Publix's Food Store Pharmacies, are not "state actors" for purposes of § 1983; and (5) Plaintiff provides no facts to demonstrate Defendants acted with deliberate indifference to Plaintiff's medical needs. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation. However, on January 27, 2012, Plaintiff filed a motion to amend complaint. On January 31, 2012, Plaintiff filed a motion to compel. On March 13, 2012, Plaintiff filed a motion for consecutive sentences. On April 2, 2012, Plaintiff filed a motion for attorneys' fees and for dismissal of the Report and Recommendation. On May 14, 2012, Plaintiff filed a second motion to compel. On May 21, 2012, Plaintiff filed a motion for hearing.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

As an initial matter, the court notes that Plaintiff may amend his complaint as a matter of course under Fed. R. Civ. P. 15(a). Accordingly, Plaintiff's motion to amend (ECF No. 18) is **granted**. Plaintiff amends his complaint to exclude Defendants that are entitled to sovereign

2

immunity and Eleventh Amendment immunity. The remaining Defendants are Publix's Food Store Pharmacy(s) CEO, SCDC Director, Baptist Palmetto Health, and Alston Wilks Society. Plaintiff's amended complaint provides that the statement of his claims and the relief he seeks are "same as original."

In his filings, Plaintiff generally recites case law and seeks court intervention in his state court criminal proceedings. The removal of certain parties from the complaint does not cure the deficiencies noted by the Magistrate Judge as to the remaining Defendants. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record. Plaintiff's objections are without merit.

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process. Plaintiff's motions for consecutive sentence (ECF No. 27), attorneys' fees (ECF Nos. 14, 29), to compel (ECF Nos. 20, 30), and for a hearing (ECF No. 31) are **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
June 27, 2012

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified of the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**